# IN THE COURT OF APPEALS OF IOWA

No. 21-1912
Filed December 21, 2022


**RICHARD KENT GRAW,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____


      Appeal from the Iowa District Court for Marshall County, John R. Flynn,

Judge.


      Richard Kent Graw appeals the dismissal of his application for

postconviction relief.  **AFFIRMED.**



      Thomas M. McIntee, Williamsburg, for appellant.

      Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.



      Considered by Bower, C.J., Chicchelly, J., and Scott, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**SCOTT, Senior Judge.**

Richard Kent Graw appeals the dismissal of his application for postconviction relief (PCR). We affirm.

The district court has fully outlined the background facts. In summary, Graw pleaded guilty in 2017 to second-degree burglary, stalking while subject to a protective order, and tampering with a witness. He was sentenced to consecutive terms of imprisonment totaling seventeen years. This court affirmed the sentences imposed. *See State v. Graw*, No. 17-0767, 2018 WL 347550, at *1 (Iowa Ct. App. Jan. 10, 2018). In January 2019, the sentencing court reconsidered, suspended Graw's sentences, and placed him on supervised probation for five years. In May 2020, the district court granted an application for probation revocation, finding Graw had violated several conditions of probation and ordered Graw back to prison to serve the remainder of the original sentences.

Graw then filed a PCR application in which he alleged his plea attorney failed to adequately investigate the underlying criminal case and coerced him into pleading guilty. Graw also asserted he is actually innocent of second-degree burglary, maintaining he had ongoing permission to be in the home of the sister of the protected party and that he did not enter with the knowledge the protected party was present nor did he intend to commit an assault.

The PCR court held a hearing at which Graw testified, as did the sister of the protected party, and Graw's plea counsel. The PCR court found Graw's testimony that he was forced to accept the pleas was directly contradicted by the plea transcript, which showed his pleas were knowingly and voluntarily entered. The PCR court observed Graw acknowledged he never indicated to the plea court

in any way that he was not happy with his attorney or that his attorney forced him to plead guilty:

> The court did not find Graw's testimony credible. The court finds that Graw's sworn testimony has taken a complete 360-degree reversal relative to what he told Judge Ellefson regarding Attorney Jones back in March of 2017 compared to his testimony at his post-conviction hearing. The court notes that the testimony in both cases was under oath. The court also recognizes, of course, that Mr. Graw has every reason to now lie and change his story due to his incarceration. The Court simply finds his testimony not credible. This finding makes it very difficult to believe Graw's testimony in any respect.

The court also specifically found the sister's testimony that she had allowed Graw to be in her house was not credible. The court found the sister was "sympathetic and biased towards Graw" and "she feels bad that he is in prison and, in her opinion, it's unjust that he is there."

The PCR court found plea counsel's "performance was well within the range of normal competency," outlining the attorney's pretrial investigation included written discovery, the assistance of an investigator, and conducting a number of depositions. The court concluded Graw failed in his burden to prove either a breach of essential duty or resulting prejudice.

Finally, the PCR court rejected Graw's claim of actual innocence to the charge of second-degree burglary:

> The minutes of testimony, deposition transcripts as represented by [prosecutor] at the guilty plea hearing and the fact that Graw himself agreed when asked about the information contained in both support this finding. This certainly applies to the issue of intent to commit an assault. . . . [T]his court agrees, that because of the no-contact order, Graw had no right to enter [the sister's home] regardless of any permission allegedly given by [her], as he knew [the protected party] was present. Graw had no legal right to be at [the sister's] house that day. Graw himself admitted to law enforcement and his own attorney that he knew [the protected party] was present. He also arrived at [the] house wearing a wig,

blue jacket, and glasses. His testimony that he didn't really know [the protected party] was present is simply not credible.

The court found the minutes of testimony, the protected party's deposition testimony, and Graw's own statements support a finding that he entered the residence with an intent to commit an assault.

On our de novo review,[1] we conclude the court properly applied the law. And giving weight to the court's findings, especially as to witness credibility,[2] we conclude Graw has failed to prove either that plea counsel was ineffective[3] or his claim of actual innocence.[4] Further opinion will not augment or clarify existing case law. *See* Iowa Ct. R. 21.26 (1)(e). We affirm.

**AFFIRMED.**

---

[1] *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2021) ("We typically review postconviction relief proceedings on error. However, when the applicant asserts claims of a constitutional nature, our review is de novo." (citation omitted)).

[2] *See id.*

[3] *Id.* at 142 ("To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice.").

[4] *See Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018) ("For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.").